IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THURMAN HOSLER,

        Plaintiff,

    vs.                             Case No. 14-1347-SAC

NATIONSTAR MORTGAGE, L.L.C.,
and BANK OF AMERICA, N.A.,

        Defendants.

MEMORANDUM AND ORDER

The defendant Bank of America, N.A. ("Bank") moves to dismiss the plaintiff's actions for violations of the Truth in Lending Act ("TILA") and for breach of the implied covenant of good faith and fair dealing pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dk. 10). The plaintiff Thurman Hosler's claims arise out of allegations that the Bank caused "force-placed insurance" to be issued against his residential property without making the required disclosures and charged him unreasonable and inflated premiums for the insurance. The Bank argues the TILA action is untimely and otherwise fails, as does the implied covenant action, to state an actionable claim for relief. The plaintiff defends its TILA action as timely and viable, but conceding his implied covenant action needs to be amended, he summarily asks for leave to amend.

As alleged in the complaint, the plaintiff and his mother obtained a note and mortgage for the purchase of their Wichita home in 2005. The Bank was servicing the loan when the foreclosure action was filed in 2010, when the default judgment was obtained, when the judgment was later set aside in January of 2012, and when the plaintiff was allowed to resume payments to the Bank. On March 6, 2012, which was after the plaintiff had resumed making payments, the Bank "caused force placed insurance to be issued against the Hosler home through Balboa Insurance Company now owed by QBE." (Dk. 1, ¶ 61). The plaintiff received notice in August of 2014 of a federal class action settlement against the Bank by homeowners who had "lender-placed hazard insurance" issued on their residential property between from 2008 through early 2014. "According to the notice, a lender placed policy was applied to Hosler's property in March 6, 2012 when Bank of America, N.A., was the servicer of the loan." *Id.* at ¶ 68. The plaintiff opted out of the class action settlement.

On the TILA action, the plaintiff alleges the Bank violated 12 C.F.R. § 226.17(c) "when it added force placed insurance to Hosler's mortgage obligations and failed to provide new disclosures; failed to disclose the amount and nature of any kickback, reinsurance or other profiteering involving Bank of America or their affiliates based on the purchase of the force-placed insurance." (Dk. 1, ¶ 81). Specifically, Hosler alleges the forced-place insurance "increased the principal amount due under the

2

mortgage and create [sic] a new debt obligation subject to disclosures under TILA." *Id.* at ¶ 82. Hosler also alleges the Bank failed to disclose commissions and unearned profits paid to any affiliate. *Id.* at ¶ 83.  Finally, in ¶ 84, the plaintiff alleges, "[a]cts constituting violations of TILA are subject to equitable tolling because Bank of America's kickback or other revenue-generating scheme was concealed from Hosler." (Dk. 1).

<u>Dismiss for Failure to State a Claim</u>

In deciding a Rule 12(b)(6) motion, a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.2009), *cert. denied*, 130 S.Ct. 1148 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As recently clarified by the Supreme Court, the standard under 12(b)(6) is that to withstand a motion to dismiss, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a

right to relief above the speculative level.'" *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). It follows then that if the "complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. "'A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214. "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Thus, a statute of limitations issue may be resolved on a Rule 12(b)(6) motion to dismiss. *See Glaser v. City and County of Denver, Colo.*, 557 Fed. Appx. 689, 698 (10th Cir.), *cert. denied,* 135 S. Ct. 87 (2014).

4

A TILA action "may be brought in an United States district court, . . . , within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "Violation of the TILA 'occurs at a specific time from which the statute will then run.'" *Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008) (quoting *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir.1974)). On the issue of equitable tolling of a TILA action, the Tenth Circuit has indicated:

> "'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Id. [*Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703] at 706 [(11th Cir. 1998)]; *see Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir.1986) (requiring plaintiff asserting equitable tolling to "show that the defendants concealed the reprobated conduct and despite the exercise of due diligence,he was unable to discover that conduct"); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) ( "[E]quitable tolling … is only available when [litigants] diligently pursue [ their] claims and demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond [their] control.") (habeas corpus action). The Heils bear the burden of proving that the limitations period should be equitably tolled. *See Olson v. Fed. Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir.2004).

*Heil*, 298 Fed. Appx. at 706-707. Applying the doctrine of equitable tolling has been "limited to 'rare and exceptional circumstances.'" *Dalton v. Countrywide Home Loans, Inc.*, 828 F. Supp. 2d 1242, 1248 (D. Colo. 2011) (quoting *Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir. 2003)). "For example, the equitable tolling of a statute of limitations may be triggered where a plaintiff has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where a plaintiff has been

induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Dalton*, 828 F. Supp. 2d at 2349 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The plaintiff's complaint fails to allege a sufficient factual basis for equitable tolling. Alleging no more than that the Bank concealed a "kickback or other revenue-generating scheme," Hosler fails to allege how this prevented him from suing within the statutory period for failing to disclose "force-placed insurance" or failing to disclose a connection between the Bank and the insurer. There is nothing in the complaint showing the plaintiff diligently pursued his claims but extraordinary circumstances beyond his control kept him from timely filing the action. In opposing dismissal, the plaintiff alleges that, "he believed that the renewed payments were being used to pay taxes and insurance as well as covering his mortgage" and that the Bank's failure to advise him "that his payments did not cover taxes and insurance would be the basis for a claim of fraudulent concealment of the facts." (Dk. 20, p. 4). This allegation fares no better. Nondislosure is not an allegation of inequitable circumstances, for "[b]y definition, nondisclosure happens every time there is a TILA nondisclosure violation, and mere violation of the statute cannot serve as extraordinary circumstances that merit tolling." *Sampson v. Washington Mut.* Bank, 453 Fed. Appx. 863, 865 (11th Cir. 2011); *see Mather v. First Hawaiian Bank*, 2014 WL 2865851 at *5 (D. Haw. 2014). There are no allegations here that

show the plaintiff could not have discovered the alleged violations upon exercising due diligence. Accordingly, Hosler's TILA claim against the Bank is time-barred, and the Bank's motion to dismiss this claim is granted.

The Bank also seeks to dismiss the implied covenant claim as the plaintiff has failed to allege what contractual term was breached by the defendant allegedly "artificially inflating premiums" and "otherwise disproportionately benefiting from the force placed insurance." (Dk. 1, ¶ 78). The Bank further challenges that it has not breached any implied good faith duty under the Kansas law governing lender relationships. The plaintiff only responds "with agreeing that he needs to amend the claim on the breach of the implied covenant of good faith and fair dealing and seeks leave of court to do following the court's ruling" on the Bank's motion. (Dk. 20, p. 6). In reply, the Bank argues an amendment would be futile as the plaintiff cannot point to any contractual provision which would be implicated for such a claim.

The plaintiff essentially concedes he has failed to state an implied covenant claim upon which relief can be granted. The plaintiff's response of asking for leave in this response is procedurally inappropriate:

> Under Rule 15, courts "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). But this liberal policy is not without limits. Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the

7

relief sought. Fed.R.Civ.P. 7(b)(1). "We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon*, 181 F.3d at 1186. For example, a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based. *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Calderon*, 181 F.3d at 1185–87.

*Albers v. Board of County Com'rs of Jefferson County, Colo.*, 771 F.3d 697, 706 (10th Cir. 2014). The plaintiff does not submit arguments or a proposed complaint that "notify the court and opposing counsel of the grounds for amendment." *Id*; *see* D. Kan. Rule 15.1. Without having any arguments or allegations on which to determine the plaintiff's request, the court denies the plaintiff leave to amend.

IT IS THEREFORE ORDERED that the defendant Bank's motion to dismiss (Dk. 10) is granted on the grounds stated above;

IT IS FURTHER ORDERED that the plaintiff's request for leave to file an amended complaint is denied.

Dated this 9th day of January, 2015, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge